NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW R. DUPREE, an individual, | No. 17-16357 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-00289-LHK |
| v. | |
| APPLE, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Andrew R. Dupree appeals pro se from the district court's summary judgment in his employment action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Dupree's discrimination and retaliation claims because Dupree failed to raise a genuine dispute of material fact as to whether he was subjected to any adverse employment action. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (explanation of adverse employment action under Title VII)); *Bergene v. Salt River Project Agric. Improvement & Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001) (elements of a prima facie case of discrimination and retaliation under Title VII); *Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130, 1136 (Cal. 2005) (elements of a prima facie case of retaliation and explanation of adverse employment action under the Fair Employment and Housing Act ("FEHA")); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (elements of a prima facie case of discrimination under FEHA).

The district court properly granted summary judgment on Dupree's harassment claims because Dupree failed to raise a genuine dispute of material fact as to whether the conduct alleged "was sufficiently severe or pervasive to alter the conditions of [Dupree's] employment and create an abusive work environment." *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 798 (9th Cir. 2003) (prima facie case of harassment under Title VII and 42 U.S.C. § 1981); *see also Thompson v. City of*

2                                                                    17-16357

*Monrovia*, 112 Cal. Rptr. 3d 377, 390 (Ct. App. 2010) (elements of prima facie case of a racially hostile work environment under FEHA).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**